**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2058**

PATRICK OSIGHALA; JUSTINA OSIGHALA, a/k/a Justina Odisgbe,

            Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

            Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  June 15, 2011          Decided:  July 13, 2011

Before MOTZ, GREGORY, and DAVIS, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Marc Seguinot, SEGUINOT & ASSOCIATES, PC, Dunn Loring, Virginia, for Petitioners.  Tony West, Assistant Attorney General, Susan K. Houser, Senior Litigation Counsel, John J. W. Inkeles, OFFICE OF IMMIGRATION LITIGATION, Washington, DC, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Patrick Osighala ("Osighala"), and his wife, Justina Osighala (collectively "Petitioners"), natives and citizens of Nigeria, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's denial of their requests for asylum, withholding of removal, and protection under the Convention Against Torture. Osighala is the primary applicant for asylum; the claims of his wife are derivative of his application. See 8 U.S.C. § 1158(b)(3) (2006); 8 C.F.R. § 1208.21(a) (2011).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact, including findings on credibility, are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). Legal issues are reviewed de novo, "affording appropriate deference to the [Board]'s interpretation of the [Immigration and Nationality Act] and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008). We will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v.

2

INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). Furthermore, "[t]he agency decision that an alien is not eligible for asylum is 'conclusive unless manifestly contrary to the law and an abuse of discretion.'" Marynenka v. Holder, 592 F.3d 594, 600 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)).

We have reviewed the evidence of record and conclude that substantial evidence supports the adverse credibility finding. We therefore uphold the denial of the Petitioners' requests for asylum and withholding of removal. See Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004) ("Because the burden of proof for withholding of removal is higher than for asylum — even though the facts that must be proved are the same — an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3).").[1]

Accordingly, we deny the petition for review.[2] We dispense with oral argument because the facts and legal

---

[1] We decline to consider the immigration judge's and Board's alternate finding that, assuming Osighala's credibility, the Petitioners failed to satisfy their burden of proving either past persecution or a well-founded fear of future persecution.

[2] The Petitioners have failed to raise any challenges to the denial of their request for protection under the Convention Against Torture. They have therefore waived appellate review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004).

3

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

                                                    <u>PETITION DENIED</u>

4